**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD OMAR OVALLES-TREJO,**<br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, FEDERAL DETENTION CENTER, PHILADELPHIA; MICHAEL ROSE, IN HIS OFFICIAL CAPACITY, FIELD OFFICE DIRECTOR, PHILADELPHIA FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID VENTURELLA, IN HIS OFFICIAL CAPACITY, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, IN HIS OFFICIAL CAPACITY, ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-6935** |

**ORDER[1]**

**AND NOW**, this 6th day of October, 2026, upon consideration of the Verified Petition For Writ of Habeas Corpus (ECF No. 1 ("Petition")), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 9 ("Response)), and the Petitioner's Reply In Support Of The Petition And In Opposition To Respondents' Request To Modify The September 11, 2026 Order (ECF No. 13 ("Reply")), it is hereby **ORDERED** as follows:

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1. The Petition is **GRANTED**. The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on October 7, 2026**.
2. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.
3. The Government is temporarily enjoined from re-detaining Petitioner until **October 17, 2026.**
4. If the Government decides to pursue re-detention of Petitioner after October 17, 2026, it must ***first*** provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).
5. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.
6. The Clerk of Court shall **MARK** this case as **CLOSED**.

For the reasons set forth below, the Court grants Petitioner's Petition because his ongoing detention violates due process.[2] In light of this dispositive ruling, the Court does not address the Petitioner's remaining claims.[3]

Indeed, the dispositive question before the Court is whether the Petitioner's current civil immigration detention without bond violates due process, particularly in light of the fact that he has no criminal record and no bond hearing has been scheduled.[4] *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150, 26-1454, 2026 WL 2546223 at *9 (3d Cir. Aug. 28, 2026). To evaluate Petitioner's claim, the Court considers the three factors announced by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976):

> (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the

---

[2] The Due Process Clause provides that "[n]o person" shall "be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, *including aliens*, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (emphasis added). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. Indeed, "mandatory detention implicates [habeas] Petitioners' 'constitutionally protected interest in avoiding physical restraint.'" *Buele Morocho*, 2026 WL 2546223, at *9 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). "Due process in the civil immigration detention context requires procedures that are reasonably calculated to avoid erroneous deprivation of liberty." *Regalado-Nauta v. Jamison*, No. 26-cv-06834, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) (Beetlestone, C.J.) (first citing *Mathews v. Elridge*, 424 U.S. 319, 333–35 (1976); and then citing *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 331–32 (3d Cir 2021)).

[3] A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[4] According to the Executive Office of Immigration Review ("EOIR") website, a "MASTER" hearing is scheduled for October 14, 2026. (Ex. A.) It is the Court's understanding that a "MASTER" hearing is not a post-deprivation bond hearing. *See* Exec. Off. For Immigr. Rev., *Immigration Court Practice Manual* § 8.3 (2026), https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8 (last visited Oct. 5, 2026). Thus, the Court, at this juncture, has not been made aware of a post-deprivation bond hearing being scheduled for Petitioner.

> Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Buele Morocho*, 2026 WL 2546223, at *9 (quoting *Mathews*, 424 U.S. at 335). The Court finds that Petitioner's current civil immigration detention contravenes the due process to which he is entitled. The Court addresses each *Mathews* factor in turn.

First, Petitioner has a private interest in maintaining personal liberty free from detention. *See Zadvydas v. Davis*, 533 U.S. 678, 690-93 (2001); *see also Rodrigues v. Jamison*, No. 26-cv-01407, 2026 WL 676468, at *5 (E.D. Pa. Mar. 10, 2026) ("[Petitioner] has a strong liberty interest in being free from mandatory detention."). Here, where Petitioner could "be detained for months or even years while his case proceeds," "the restriction of liberty is particularly acute." *Regalado-Nauta v. Jamison*, No. 26-cv-06834, 2026 WL 2740528, at *4 (E.D. Pa. Sept. 16, 2026) (quoting *Cunin v. McShane*, No. 25-cv-01887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025)). Petitioner has been deprived of his personal liberty interest because he continues to be detained without a bond hearing being scheduled. Thus, the first of the *Mathews* factors weigh in favor of Petitioner.

Second, there is a significant risk that Petitioner has been erroneously deprived of his fundamental liberty interest. *See Buele Morocho*, 2026 WL 2546223, at *9 ("[T]he absence of an opportunity for a neutral decisionmaker to assess whether Petitioners are dangerous or flight risks presents a high risk of erroneously depriving Petitioners of their liberty interest." (citations omitted)); *see also Leng Mey Ma v. Barber*, 357 U.S. 185, 190 (1958) ("Physical detention of aliens . . . is generally employed only as to security risks or those likely to abscond."); *De Los Santos Medina v. Jamison*, No. 26-cv-06800, 2026 WL 2742071, at *6 (E.D. Pa. Sept. 16, 2026) (Rufe, J.) ("The risk [of erroneous deprivation] is particularly pronounced where, as here, there is no indication that Petitioner is a danger to the community or a flight risk."). Here, in this instance

the Petitioner has no criminal history[5] and the Respondents do not argue Petitioner is a flight risk. Accordingly, the current detention risks erroneously depriving Petitioner of his rights, and thus, the second *Mathews* factors weigh in favor of Petitioner.

Third, the government has a "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings." *Buele Morocho*, 2026 WL 2546223, at *10. However, this interest fails to outweigh the first two factors where the Petitioner in this instance poses neither a flight risk nor a danger to the community, which, again, is significantly evidenced by a lack of criminal record. *See id.* Indeed, like in *Buele Morocho*, Petitioner is a "non-criminal individual who was detained absent evidence that he is dangerous or a flight risk." *Buele Morocho*, 2026 WL 2546223, at *10.

Overall, the *Mathews* factors weigh in favor of granting the Petition because Petitioner has been detained without a bond hearing in contravention of his due process rights. A post-detention bond hearing has not yet been scheduled, and, moreover, a post-detention bond hearing "is not an adequate substitute for the pre-detention individualized assessment that due process requires . . . ." *De Los Santos Medina*, 2026 WL 2742071, at *7 (citing *Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 885–86 (S.D. Tex. 2026)). Indeed, "[h]abeas is at its core a remedy for unlawful executive detention," and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Therefore, the Court concludes that "immediate release is the only appropriate remedy." *Regalado-Nauta*, 2026 WL 2740528, at *4; *see also De Los Santos Medina*, 2026 WL 2742071, at *7 ("As Petitioner's present detention is unconstitutional, the proper remedy is release.").

---

5 ECF No. 9-1 at 3.

For the foregoing reasons, Petitioner's detention without a bond hearing violates due process. Therefore, this Court grants the Petition, orders Petitioner's immediate release, and temporarily enjoins the Government from re-detaining Petitioner under § 1226(a) for ten (10) days following his release.

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge

**HODGE, KELLEY B., J.**